# In The Court of Common Pleas
## Fulton County, Ohio

| | | |
|---|---|---|
| **CHARLOTTE A AUTRY** | : | **Case No. 18CV000020** |
| PLAINTIFF | : | |
| **Vs.** | : | Judge Jeffrey L. Robinson |
| **WALMART STORES INC** | : | |
| DEFENDANT | : | **SUMMONS ON COMPLAINT** |

TO:  **WALMART STORES INC**
  **C/O CT CORP SYSTEM AGENT**
  **4400 EASTON COMMONS WAY**
  **SUITE 125**
  **COLUMBUS, OH 43219**

YOU ARE HEREBY SUMMONED that a complaint (a copy of which is hereby attached and made a part hereof) has been filed against you in this court by the Plaintiff(s) named herein.

You are required to serve upon the Plaintiff(s)attorney, or the Plaintiff if the plaintiff has no attorney of record, a copy of your answer to the complaint within *twenty eight (28)* days after service of this summons upon you, exclusive of the day of service.  Said answer must be filed with this court within *three (3)* days after service on the Plaintiff(s) attorney.  The address of the *Clerk of the Fulton County Court of Common Pleas is Room 102, Courthouse, 210 S. Fulton Street, Wauseon, Ohio  43567.*

The name and address of the Plaintiff(s) Attorney is as follows:
  R CRAIG MCLAUGHLIN
  ELK & ELK
  6110 PARKLAND BLVD
  MAYFIELD HEIGHTS, OH 44124

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

|  |  |
|---|---|
| | Tracy L. Zuver |
| | Fulton County Clerk of |
| | Common Pleas Court |
| February 7, 2018 | |
| | BY _____ |
| | Deputy Clerk of Courts |



**EXHIBIT**

**A**

IN THE COURT OF COMMON PLEAS
FULTON COUNTY, OHIO

FILED
FULTON COUNTY
COMMON PLEAS COURT

2018 FEB -7 P 12: 23

TRACY L. ZUVER
CLERK

| | | |
|---|---|---|
| CHARLOTTE A. AUTRY<br>18701 County Road HJ<br>Wauseon, OH 43567 | )<br>)<br>)<br>) | CASE NO. 18CV20<br><br>JUDGE Robinson |
| Plaintiff, | )<br>) | COMPLAINT |
| vs. | )<br>) | JURY DEMAND |
| WAL-MART STORES, INC.<br>c/o CT Corporation System, Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| WAL-MART REAL ESTATE<br>BUSINESS TRUST<br>c/o CT Corporation System, Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 | )<br>)<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| JOHN DOE CORPORATION<br>Name and address unknown | )<br>)<br>) | |
| Defendants. | )<br>) | |

## COUNT I

1.     Defendant Wal-Mart Stores, Inc. and/or Defendant Wal-Mart Real Estate Business Trust and/or Defendant John Doe Corporation owned and/or maintained the property and/or operated a store and/or a business located at 485 Airport Highway, in the City of Wauseon, Fulton County, Ohio.

2.     To the best of Plaintiff's knowledge, it is believed that the above mentioned property and/or building and/or store and/or business is owned and operated by Defendant Wal-Mart Stores, Inc. and/or Defendant Wal-Mart Real Estate Business Trust, but Defendant John Doe

1

Corporation has also been named as a Defendant in the event that the actual name of the owner and/or operator of this property and/or store is different from Defendants Wal-Mart Stores, Inc. and/or Wal-Mart Real Estate Business Trust. The name of Defendant John Doe Corporation is unknown. This Defendant will in no way be prejudice in the maintenance of its defense on the merits within the meaning of Rule 15(D) of the Ohio Rules of Civil Procedure because of its constructive and/or actual notice of the institution of this case. Except for the inability of Plaintiff to discover the name of Defendant John Doe Corporation, this action would be brought against it in its proper, true, and exact name and capacity, and said information will be provided by Plaintiff, if necessary, when such information becomes fully known to Plaintiff.

3.      Hereinafter, Defendants Wal-Mart Stores, Inc.; Wal-Mart Real Estate Business Trust and John Doe Corporation shall be collectively referred to as "Defendant Wal-Mart."

4.      Jurisdiction and venue are proper in Fulton County, Ohio because the events leading to Plaintiff's claims took place in Fulton County, Ohio.

5.      At all times relevant herein, Defendant Wal-Mart owned and/or operated and/or maintained the property and/or store and/or business located at 485 Airport Highway in the City of Wauseon, Fulton County, Ohio.

6.      At all times relevant herein, Defendant Wal-Mart owed a duty of care to Plaintiff Charlotte Autry.

7.      On February 7, 2016, Plaintiff Charlotte Autry was a business invitee of Defendant Wal-Mart.

8.      On February 7, 2016, Plaintiff Charlotte Autry exited the store after shopping and unloaded the groceries and other items she had purchased into the back of her van which was parked in a handicapped parking spot in front of Defendant Wal-Mart's store.

9.      After unloading her groceries, Plaintiff then started to take her cart to the nearby "cart corral," but she was met during that process by an employee of Defendant Wal-Mart who took her cart from her.

10.     Plaintiff Charlotte Autry then turned and proceeded to walk back to her van when she tripped on a defect in the pavement that was located in the handicapped parking area near her van, fell, and suffered a fractured right elbow, dislocated left shoulder, and other serious injuries that required surgery.

11.     The defect in the pavement was difficult to see because the defect was the same color as the pavement; there were paint stripes marking the handicapped parking zone that crossed over the defect; and for other reasons.

12.     In addition, Plaintiff did not see the defect in the pavement until after she tripped and fell because her attention was diverted by the Wal-Mart employee with whom she had just interacted; the various signs Wal-Mart had posted in the parking area; the pedestrian and vehicle traffic in the parking lot; and other circumstances.

13.     The defect in the pavement constituted a violation of the Ohio Building Code, International Code Council standards, and other safety and building standards for parking lots and especially handicapped parking areas.

14.     Defendant Wal-Mart knew and/or should have known that this defect in the pavement located in the handicapped parking area existed and knew and/or should have known it created an unreasonable risk of harm to business invitees like Plaintiff Charlotte Autry.

15.     Defendant Wal-Mart breached the duties of care it owed Plaintiff Charlotte Autry by negligently permitting the defect to exist in the pavement located in the handicapped parking

3

area; negligently failing to repair the defect; negligently failing to warn of the presence of the defect; and by other negligent acts and/or omissions.

16.     As a direct and proximate result of the negligence of Defendant Wal-Mart as described above, Plaintiff Charlotte Autry suffered severe and permanent injuries (fractured right elbow, dislocated left shoulder, etc.), incurred medical expenses ($42,000+) and other economic damages; suffered great pain of body and mind; suffered a loss of enjoyment of life; suffered mental anguish; and suffered other losses and damages, both in the past and into the future.

WHEREFORE, Plaintiffs demands judgment against Defendant Wal-Mart, in an amount which exceeds Twenty-Five Thousand Dollars ($25,000.00), together with interest, the costs of this action, and all other relief to which she is entitled.

Respectfully submitted,

R. Craig McLaughlin (0068765)
Elk & Elk Co., Ltd.
6105 Parkland Blvd., Suite 200
Mayfield Heights, OH 44124
Phone: (440) 442-6677
Facsimile: (440) 442-7944
E-mail: rmclaughlin@elkandelk.com
*Attorney for Plaintiff*

### JURY DEMAND

Plaintiff requests a trial by jury.

R. Craig McLaughlin (0068765)

4