# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Charlotte Autry,  Case No. 3:18CV568

    Plaintiff

v.  **ORDER**

Wal-Mart Stores, Inc., et al.,

    Defendants

This is a slip and fall case.

Plaintiff Charlotte Autry tripped over a crack in the parking lot of the Wal-Mart store in Wauseon, Ohio. She brought a negligence claim against defendants Wal-Mart Stores, Inc., Wal-Mart Real Estate Business Trust, and Wal-Mart Stores East L.P. (collectively Wal-Mart) in the Common Pleas Court of Fulton County, Ohio. Wal-Mart removed the case to this court based on diversity jurisdiction (Doc. 1 at 2, ¶3) and has moved for summary judgment (Doc. 16).

The principal issue is whether the crack was an open and obvious hazard, such that Wal-Mart owed Autry no duty of care. Finding that a reasonable jury could only conclude that the hazard was open and obvious, I grant the defendants' motion.

## Background

Autry's accident happened on Superbowl Sunday in February, 2016. It was a partly sunny day, and it was not raining or snowing. (Doc. 22 at 8).

Autry arrived at Wal-Mart around 2:19 p.m. Because the parking spots for disabled patrons were all taken, Autry (who has a permit to park in such spots) parked in the blue "diagonal lines . . . right next to the actual handicap space." (*Id.*).

Surveillance footage of the parking lot, as well as photographs of the scene taken after the accident, show a long, narrow, and shallow crack in the asphalt near Autry's parking spot.

The crack runs in a relatively straight line from a yellow concrete pole, which stood next to the front passenger-side headlight of Autry's car, through the blue diagonal lines in which Autry had parked, and into an aisle of the parking lot. (Doc. 17; Doc. 16–3 at 2–3, 5). Autry parked her car in such a way that its front intersected with the crack at a roughly forty-five-degree angle.

Autry got out of her car, walked over this crack – albeit a different portion of the crack than that over which she later tripped – and headed into the store. (Doc. 17).

She returned to her car a half-hour later, pushing a shopping cart with groceries in it, and again walked across the crack. (*Id.*). After unloading her groceries, Autry pushed her cart from the rear of her vehicle and around the driver's side toward the cart-return area. (*Id.*). While doing so, she walked through the blue diagonal lines and over the crack once more, this time passing quite close to the spot where she would trip moments later. (*Id.*).

Autry handed off her cart to a Wal-Mart employee and turned around. (*Id.*). She began walking back through the blue lines toward her car when she tripped and fell to the ground. Autry broke her right elbow and dislocated her left shoulder. (Doc. 1–1 at 4, ¶10).

At the time of her fall, Autry testified, she was looking "straight up for traffic[,] for cars" because "it was a busy place." (Doc. 22 at 9). She acknowledged that, had she been looking down, she "would have had to have seen" the crack. (*Id.* at 10).

Autry could not recall whether there were any vehicles or pedestrians near her when she fell (*id.* at 10), but the surveillance footage shows only one car (which was a good distance away from Autry and not moving toward her) and no pedestrians in the vicinity. (Doc. 17). "At the time that [she] fell," Autry admitted, her attention was not "distracted in any way." (Doc. 22 at 10).

## Standard of Review

Summary judgment is appropriate under Fed. R. Civ. P. 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323. Once the movant carries its burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

I accept the nonmovant's evidence as true and construe all evidence in its favor. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

## Discussion

To prevail on her negligence claim, Autry must establish "(1) a duty requiring the defendant to conform to a certain standard of conduct, (2) breach of that duty, (3) a causal connection between the breach and injury, and (4) damages." *Cromer v. Children's Hosp. & Med. Ctr. of Akron*, 142 Ohio St. 3d 257, 262 (2015).

Because Autry was a business invitee, Wal-Mart owed her a duty to maintain its property in "reasonably safe condition" so that she was "not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St. 3d 203, 203 (1985).

### A. Open and Obvious Hazards

This duty did not extend, however, to "open and obvious" hazards.

An open and obvious hazard is one that is "in plain view and is readily discoverable upon ordinary inspection." *Bittner v. Walmart Stores EAC, Inc.*, 2017 WL 2633189, *3 (S.D. Ohio 2017). Because "[t]he open and obvious nature of the hazard itself serves as a warning," the property owner "may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Id.* at *2 (internal quotation marks omitted).

"The question of whether a danger is open and obvious is an objective one." *Gibson v. Leber*, 2014-Ohio-4542, ¶9 (Ohio App. 2014).

The critical issue "is not whether [the plaintiff] observes the condition, but whether the condition is capable of being observed." *Nicoll v. Centerville City Schs.*, 2018-Ohio-36, ¶15 (Ohio App. 2018). A court "must consider whether, in light of the specific facts and circumstances of the case, an objective, reasonable person would deem the danger open and obvious." *Gibson*, *supra*, 2014-Ohio-4542 at ¶9.

Here, even viewing the evidence in the light most favorable to Autry, a reasonable juror could only conclude that the crack over which she fell was open and obvious. The photos of the accident site show the crack at issue: it stands out clearly against both the black asphalt and the blue diagonal lines where Autry parked her car. Autry, moreover, walked over different portions of the crack three times before the fall, giving her a reasonable opportunity to see the crack and

4

avoid it. She admitted, moreover, that had she looked down she "would have had to have seen it." (Doc. 22 at 10). The weather was clear and partly sunny, affording Autry a fair view of her surroundings. (*Id.* at 8).

These undisputed facts establish that a reasonable person would have discovered the crack over which Autry tripped. For that reason, Wal-Mart had no duty to warn Autry about, or protect her from, that danger. *Shipman v. Papa John's*, 2014-Ohio-5092, ¶21 (Ohio App. 2014) ("the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims").[1]

Autry's arguments to the contrary fail to show that there is a genuine factual dispute that a jury must resolve.

She contends that the crack was difficult to see, given that "parts of the crack were covered over with blue paint stripes" and other parts were "obscured by the black sealant that had been used in the past in an attempt to repair the crack." (Doc. 23 at 11). But Autry did not testify that the crack was difficult to see; indeed, her testimony was exactly the opposite. (Doc. 22 at 10). Nor does Autry cite any record evidence in her opposition brief to support that claim.

Furthermore, the photos of the accident site establish that the crack was "in plain view and [ ] readily discoverable upon ordinary inspection." *Bittner*, *supra*, 2017 WL 2633189 at *3. The crack is visible and stands out in contrast to the asphalt, sealant, and blue diagonal lines. Only a very small part of the crack, moreover, overlaps entirely with the line of sealant, and even

---

[1] Wal-Mart also argues that it is entitled to summary judgment because Autry could not explain how she fell and because the surveillance footage indisputably shows her falling over before reaching the crack. I reject these arguments because Autry testified that she fell when her foot caught on the crack (Doc. 22 at 10) and the footage, though somewhat blurry, appears to show her tripping on or very close to the crack, such that it would be for the jury to decide whether she indeed tripped over the crack.

5

then the crack contrast notably with the sealant. What the Ohio Court of Appeals said in *Shipman*, *supra*, 2014-Ohio-5092 at ¶26, is therefore applicable here: "The fact that the concrete and the deviations were the same color does not prevent the condition from being open and obvious, and it did not, in fact, prevent Shipman from readily noticing the raised concrete when she was actually looking at it."

Autry tries to distinguish this case from the many cases Wal-Mart cites where courts have rejected negligence claims under the open and obvious doctrine, but her arguments are not persuasive.

While I agree with Autry that the cases have limited precedential value, given the necessarily fact-specific nature of slip-and-fall cases, the courts have recognized that cracks in parking lots and in sidewalks are open and obvious hazards. *See*, *e.g.*, *Bittner*, *supra*, 2017 WL 2633189 at *4 (crack in parking lot); *O'Connor v. The Kroger Co.*, 2017-Ohio-1077, ¶¶2, 13–14 (Ohio App. 2017) (uneven pavement in front of grocery store); *Shipman*, *supra*, 2014-Ohio-5092 at ¶¶24–26 (raised concrete in a parking lot); *see also Nicoll*, *supra*, 2018-Ohio-36 at ¶21 (raised curb near the front of a parking lot).

In contrast, courts have held that the open and obvious doctrine will not bar a negligence claim if a hazard that is otherwise visible and discoverable is nevertheless located in a place where the plaintiff would not reasonably expect to find it. *See*, *e.g.*, *Berkey v. Wal-Mart Stores, Inc.*, 2017 WL 5759360, *3 (N.D. Ohio 2017) (Helmick, J.) (trash dolly was very low to the ground and located on the corner of the aisle); *Cowgill v. Wal-Mart Stores, Inc.*, 2017 WL 4842404, *3–4 (S.D. Ohio 2017) (clear cellophane wrapper located on the ground in between two pallets, one of which obstructed the plaintiff's view); *Holly v. Walmart Real Estate Bus. Trust*, 262 F. Supp. 3d 532, 538 (N.D. Ohio 2018) (Carr, J.) (blueberries on the ground and

6

grocery cart obstructed plaintiff's view); *Abdelshahid v. Cleveland Clinic Found.*, 2015-Ohio-2274, ¶22 (Ohio App. 2015) (call cord was covered with a blanket in a "confined" hospital room).

This case, however, resembles those in the former category, as there was nothing obstructing Autry's view of the crack, and she did not come upon the crack suddenly, while turning a corner, as in *Berkey*, *supra*, or navigating a "confined" space, as in *Abdelshahid*, *supra*.

### B. Attendant Circumstances

Nor is there any merit to Autry's claim that attendant circumstances existed here.

"'Attendant circumstances' may affect the applicability of the open and obvious doctrine." *Nicoll*, *supra*, 2018-Ohio-36 at ¶16. Such circumstances "reduce the degree of care an ordinary person exercises and must, taken together, (1) divert the attention of the pedestrian, (2) significantly enhance the danger of the defect, and (3) contribute to the fall." *Esterman v. Speedway L.L.C.*, 2015-Ohio-659, ¶11 (Ohio App. 2015).

The attendant circumstances in this case, Autry argues, were "a large volume of pedestrian traffic, heavy vehicular traffic, and visibility of the defect." (Doc. 23 at 13).

However, Autry cites no evidence to show that there was, in fact, a large volume of either pedestrian or vehicular traffic near her when she fell. *Cf.* Fed. R. Civ. P. 56(c)(1)(A). In any event, Autry herself testified that her attention was not "distracted in any way" when she fell. (Doc. 22 at 10). Likewise, Autry testified that she could not remember whether there were any cars or pedestrians near her when she fell (*id.*), and the surveillance footage shows that no cars or people were in her immediate vicinity. (Doc. 17).

In these circumstances, no reasonable juror could find that attendant circumstances distracted Autry's attention, such that the open and obvious doctrine would be inapplicable.

Finally, Autry contends that "[t]here are special safety rules and standards that apply to handicap parking areas" like those where she fell. (Doc. 23 at 1). According to Autry, Wal-Mart's failure to fix the crack violated the Ohio Building Code and the American National Standards Institute's rules that apply to parking lots for disabled persons. (*Id.* at 5). She also emphasizes that Wal-Mart's own internal guidelines deemed the crack a potential hazard to patrons. (*Id.* at 6).

These arguments do not show a genuine issue of material fact. Rather, they are relevant only to defining the scope of the duty that a retailer would owe its disabled invitees. In this case, however, Wal-Mart had no duty in the first instance to protect Autry from the crack because it was an open and obvious hazard.

## Conclusion

It is, therefore,

ORDERED THAT Wal-Mart's motion for summary judgment (Doc. 16) be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge